UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KATHERINE BROWN, ) | CASE NO. 1:05 CV 0721 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| TEAMSTER LOCAL NO. 244, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On March 11, 2005, plaintiff pro se Katherine Brown filed this in forma pauperis action against Teamster Local No. 244 and "Business Agent" Jarrell Williams. She alleged breach of contract, intentional misrepresentation, "willful deprivation," discrimination and retaliation for filing charges of assault against a male co-worker. Ms. Brown requests back pay, reinstatement and reimbursement for lost benefits, training and promotional opportunities. For the reasons set forth below, this complaint is dismissed.

*Background*

The one page complaint contains very few facts. Ms. Brown alleges that her

Case: 1:05-cv-00721-PAG  Doc #: 14  Filed: 09/14/05  2 of 4.  PageID #: 58

contractual rights were breached on July 10, 2002, August 20, 2002 and August 27, 2002. Beyond those dates there are no relevant facts which set forth where Ms. Brown was employed, for how long she was employed, or the local union's role during the period of time in which she was in jeopardy of losing her job. She cites Ohio Revised Code section 2921.52 (A)(c), (B)(1) to define "sham legal process," but does not state what the defendants "designed to make [her] believe that it [wa]s lawfully issued."[1] O.R.C. § 2921.52(A)(c). The balance of the complaint makes general allegations of willful and knowing behavior, as well as retaliation.

A motion to dismiss was filed on behalf of both defendants on July 5, 2005. In response to the motion, Ms. Brown filed an "Answer in Opposition" on August 9, 2005 wherein she stated simply: "[P]laintiff files this Answer in Opposition to Defendants' Motion to Dismiss on the grounds that there exist genuine issues of material facts and [sic] does not lack a matter of jurisdiction." (Ans.Opp. Mot. Dismiss at 1.) She provides no further support for this court's jurisdiction over her complaint.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief

---

[1] In defining the term sham legal process, Ms. Brown cites: "(c) It is designed to make another person believe that it is lawfully issued,'" O.R.C.§ 2921.52 (A)(c) as well as, "No person shall, knowing the sham legal process to be sham legal process, do any of the following: (1) Knowingly issue, display, deliver, distribute, or otherwise use sham legal process." O.R.C.§ 2921.52 (B)(1).

can be granted, or if it lacks an arguable basis in law or fact.[2]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

*Failure State a Claim*

This action lacks an arguable basis in law. Principles requiring generous construction of pro se pleadings are not without limits.  See Neitzke, 490 U.S. at 325;   Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments, id. at 1278, and Ms. Brown's conclusory statements regarding the defendants alleged violations of her rights as an employee do not state a federal cause of action. Even if she were alleging the defendants retaliated against her for exercising a constitutional right, she does not allege any adverse employment action that resulted from a protected act.  Skrjanc v. Great Lakes Power Serv. Co., 272 F.3d 309, 314 (6th Cir. 2001).

There is no statement or reference in the complaint that sets forth this court's jurisdiction and this court cannot assume a basis when the facts fail to set forth a federal cause of action.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for

---

[2]  A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th  Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th  Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

a party." Beaudett at 1278. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions).

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. §1915(e), but without prejudice as to any state law claims. Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 9/13/05